LINDA WENDELL HSU (SBN 162971)
lhsu@selmanbreitman.com
QUYEN THI LE (SBN 271692)
qle@selmanbreitman.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Plaintiff NAUTILUS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACCESS MEDICAL, LLC; ROBERT CLARK WOOD, II; FLOURNOY MANAGEMENT, LLC; TED SWITZER; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 1:14-cv-01591-GEB-BAM<br><br>STIPULATION AND [PROPOSED] ORDER FOR FURTHER EXTENSION OF TIME FOR DEFENDANTS ACCESS MEDICAL, LLC AND ROBERT CLARK WOOD, II TO RESPOND TO INITIAL COMPLAINT<br><br>Judge:　　　Garland E. Burrell, Jr.<br><br>Complaint Filed:　　October 10, 2014 |

Pursuant to Local Rule 144, Plaintiff NAUTILUS INSURANCE COMPANY ("Nautilus") and DEFENDANTS ACCESS MEDICAL, LLC ("Access Medical") and ROBERT CLARK WOOD, II ("Wood"), by and through their respective counsel of record, hereby stipulate as follows:

**RECITALS**

1.　Plaintiff Nautilus filed its Complaint for Declaratory Relief on October 10, 2014 (Docket No. 1).

2.　Plaintiff alleges that it served the Summons and Complaint on Defendants Access Medical and Wood by substituted service on December 4, 2014 (Docket Nos. 11-12), making their original deadline to respond to the Complaint as December 26, 2014.

1
STIPULATION AND [PROPOSED] ORDER FOR FURTHER EXTENSION OF TIME FOR ACCESS MEDICAL, LLC AND ROBERT WOOD TO RESPOND TO INITIAL COMPLAINT
1:14-cv-01591-GEB-BAM

306321.2 3891.35805

3. On December 16, 2014, defendant Flournoy Management, LLC ("Flournoy") filed its Motion to Dismiss for Lack of Venue or in the Alternative Transfer Venue to the District of Nevada ("Motion to Dismiss/Transfer Venue") (Docket No. 20).

4. On December 24, 2014, defendant Ted Switzer ("Switzer") filed his answer to Nautilus's Complaint (Docket No. 23).

5. In light of the procedural issues presented in Flournoy's Motion to Dismiss/Transfer Venue, Nautilus, Access Medical and Wood previously agreed that Access Medical and Wood could have an initial extension of time until January 9, 2015, to respond to Plaintiff's Complaint (Docket No. 24). Thereafter, Nautilus, Access Medical and Wood entered into a second stipulation for a further extension of time until January 23, 2015 for Access Medical and Wood to respond to Plaintiff's Complaint (Docket No. 25), and the Court granted the second stipulation on January 13, 2015 (Docket No. 26).

6. Nautilus contacted the current counsel of record for Flournoy, who happens to also be the counsel of record for Access Medical and Wood, to discuss the issues presented in Flournoy's Motion to Dismiss/Transfer Venue. Thereafter, Nautilus entered into an agreement with the current counsel of record for Flournoy that Nautilus would voluntarily dismiss, without prejudice, this instant action, and Nautilus would thereafter file a similar declaratory relief action in the District of Nevada concerning Nautilus's duties to defend and/or indemnify its insureds, defendants Flournoy, Access Medical and Wood, in the underlying litigation. The Nevada action would not name Switzer as a party.

7. Pursuant to this agreement, Plaintiff Nautilus filed its Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rules of Civil Procedure Rule 41(a)(2) ("Motion for Voluntary Dismissal") on January 14, 2015 (Docket No. 27) because defendant Switzer refused to stipulate to a voluntary dismissal of Nautilus's Complaint.

8. The next day, on January 15, 2015, Defendant Switzer filed an opposition to Flournoy's Motion to Dismiss/Transfer Venue (Docket No. 31) and a Counter-Motion to Disqualify Jordan P. Schnitzer and the Law Firm of Kravitz, Schnitzer & Johnson, CHTD as counsel for Flournoy ("Counter-Motion to Disqualify Counsel") (Docket No. 33).

9. On January 15, 2015, the Court continued the hearing dates for Flournoy's Motion to Dismiss/Transfer Venue and Switzer's Counter-Motion to Disqualify Counsel to February 17, 2015, which is also the date of the hearing for Nautilus's Motion for Voluntary Dismissal (Docket No. 34).

10. Switzer notified Nautilus that Switzer (to the extent he has standing to do so) will not agree to any further stipulations of time for Access Medical and Wood to file responsive pleadings to Nautilus's Complaint.

11. Access Medical and Wood have advised Nautilus that each defendant will file procedural motions in response to Nautilus's Complaint, as opposed to answers, if Access Medical and Wood are required to file responsive pleadings by January 23, 2015.

12. In light of the pending motions to dismiss and related counter-motion, Nautilus, Access Medical, Wood and the current counsel of record for Flournoy, believe it is in the best interest of the Court's time and resources for Access Medical and Wood to file responsive pleadings, if necessary, after the Court's ruling on the motions currently pending before the court. These parties respectfully request the Court to grant Access Medical and Wood until February 20, 2015, or a date thereafter as the Court deems proper, to respond to Nautilus's Complaint, if any such response is necessary.

13. Before presenting this Stipulation and Proposed Order to the Court, Nautilus presented this Stipulation and Proposed Order to each defendant and their respective counsel of record. Defendant Switzer seeks an opportunity to separately provide the Court with his response to the terms of this Stipulation and Proposed Order.

## STIPULATION

IT IS SO STIPULATED between Plaintiff Nautilus, on the one hand, and Defendants Access Medical and Wood, on the other, by and through their undersigned attorneys, that the time for Access Medical and Wood to respond to Plaintiff Nautilus's Complaint is further extended until and including February 20, 2015, or a date thereafter as the Court deems proper.

IT IS FURTHER STIPULATED between Plaintiff Nautilus and Defendants Access Medical and Wood that by entering in to this stipulation, Access Medical and Wood have not

306321.2 3891.35805

waived any defenses pursuant to Federal Rules of Civil Procedure, Rule 12, including venue, jurisdiction, insufficient process or insufficient service of process.

IT IS FURTHER STIPULATED that the parties respectfully request the Court to allow defendant Switzer to respond with any objections to this Stipulation And Proposed Order (if Switzer has standing to do so) prior to making a determination on whether to grant this further extension of time for Access Medical and Wood to respond to Nautilus's Complaint. Nautilus, Access Medical and Wood have requested that Switzer file any such response by January 22, 2015.

DATED: January 20, 2015            KRAVITZ, SCHNITZER & JOHNSON, CHTD.


By:    /s/ Jordan P. Schnitzer
           JORDAN P. SCHNITZER
Attorneys of record for Defendants
FLOURNOY MANAGEMENT, LLC,
ACCESS MEDICAL, LLC and ROBERT
CLARK WOOD, II

DATED: January 20, 2015            SELMAN BREITMAN LLP


By:    /s/ Quyen Thi Le
           LINDA WENDELL HSU
           QUYEN THI LE
Attorneys for Plaintiff NAUTILUS
INSURANCE COMPANY

4
STIPULATION AND [PROPOSED] ORDER FOR FURTHER EXTENSION OF TIME FOR ACCESS MEDICAL, LLC AND ROBERT WOOD TO RESPOND TO INITIAL COMPLAINT
1:14-cv-01591-GEB-BAM

306321.2 3891.35805

[PROPOSED] **ORDER**

The Court has reviewed the parties' agreement and adopts the stipulation.  The time for Access Medical and Wood to respond to Plaintiff Nautilus's Complaint, if any such response is needed, is extended until and including February 20, 2015.

IT IS SO ORDERED:

Dated:  January 23, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge